FILED

75634-7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

14 FEB 18 PM 1:26

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

CAROLE DAVIS,
    Plaintiff,

CASE NO.

Vs.

JACKSON NATIONAL LIFE
INSURANCE COMPANY,
    Defendant
_____/

2:14-cv-96-FtM-38DNF

## DEFENDANT JACKSON NATIONAL LIFE INSURANCE COMPANY NOTICE OF REMOVAL

The Defendant, JACKSON NATIONAL LIFE INSURANCE COMPANY (JACKSON), by and through the undersigned attorneys, hereby files this Notice of Removal to this Court of the above-styled civil action from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, Case Number 13-CA-003419. As grounds for removal JACKSON states the following:

1. JACKSON is a Defendant in a civil action brought against it in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, styled *Carole Davis v. Jackson National Life Insurance Company,* Case Number 13-CA-003419. A true and correct copy of all process, pleadings and orders served upon JACKSON is attached as Composite **Exhibit 1** in compliance with 28 U.S.C. § 1447(b). The Complaint is the only known pleading filed to date in this matter.

2. This action involves allegations that JACKSON issued a life insurance policy naming Plaintiff, CAROLE DAVIS, as sole beneficiary. The face amount of said policy is five-hundred-thousand dollars ($500,000.00). The Plaintiff alleges she demanded a tender of the coverage but JACKSON has refused to pay. Plaintiff demands

CASE NO.

judgment for damages, attorney's fees, prejudgment interest and all special damages incurred to the extent said damages are allowable by law.

3. JACKSON was served with a Summons and Complaint on or about January 28, 2014. Therefore, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

4. The aforementioned action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court by Jackson, pursuant to 28 U.S.C. §§ 1441 and 1446, in that:

    a. It is an action between citizens of different states; and

    b. It is an action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. To be a "citizen" of a state within the meaning of the diversity provision, a natural person must be both a citizen of the United States and a domiciliary of a state. *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). In determining domicile, a court should consider both positive evidence and presumptions. *Id.* One such presumption is that the state in which a person resides at any given time is also that person's domicile. *Id.*

6. Here, CAROLE DAVIS is alleged to be a resident of Lee County, Fort Myers, Florida. *See* Complaint ¶2. Therefore, citizenship in the State of Florida is assumed for diversity purposes.

7. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant JACKSON is, and was at the time of the commencement of this action, a citizen of the state of Michigan because it is a

Case 2:14-cv-00096-SPC-DNF Document 1 Filed 02/18/14 Page 3 of 5 PageID 3

<p style="text-align:right">CASE NO.</p>

corporation organized under the laws of the state of Michigan and has its principal place of business in the state of Michigan.

8. The amount in controversy in this case in excess of $75,000.00 exclusive of costs and interest as the Plaintiff claims she is the sole beneficiary to the life insurance policy with a face value of five-hundred-thousand dollars ($500,000.00).

9. "(D)istrict courts must make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleading to determine whether it is facially apparent that a case is removable." *Black*, 2010 WL 4340281 at *1 (internal citation omitted). *See also Williams*, 269 F.3d at 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met).

10. When it is not apparent from the face of the Complaint whether the jurisdictional amount in controversy is met, the Court may consider "other paper indicating the value of a claim" and "evidence outside of the removal petition if the facts therein existed at the time of removal." *See Pretka v. Kolter City Plaza, Inc.*, 608 F.3d 744 (11th Cir. 2010); *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129 (S.D.Fla. June 1, 2009) (citing *Sierminski v. Transsouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2001); *Castellanos v. Target Corp.*, 2011 WL 384292 (S.D.Fla. Feb. 3, 2011); *Black v. State Farm Mut. Auto Ins. Co.*, 2010 WL 4340281 (S.D.Fla. Oct. 22, 2010).

11. A copy of the subject insurance policy is attached to the Plaintiff's complaint and indicates the policy has a face value of $500,000.

3

CASE NO.

12. Venue in this Court is proper pursuant to 28 U.S.C. § 1441(a) because this action is being removed from the state court in which it was originally filed, the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, to the District Court of the United States for the district and division in which such action is pending, the Middle District of Florida.

13. By removing this action JACKSON does not waive any defenses, objection, or motions available under state or federal law. JACKSON expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

14. Pursuant to procedural requirements for removal set forth in 28 U.S.C. § 1446(d), JACKSON will file a Notice of Filing Notice of Removal with the Clerk of Court for the Twentieth Judicial Circuit in and for Lee County, Florida, and will provide written notice of this Notice of Removal to all parties by e-service. A copy of the Notice of Filing is attached hereto as **Exhibit 2.**

WHEREFORE Defendant, JACKSON, respectfully requests that the above action now pending in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, be removed therefrom to this Honorable Court because the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.

CASE NO.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 12, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by e-mail on Marcus@vilesandbeckman.com; lakisha@vilesandbeckman.com, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Christopher J. Jahr
Robert C. Bauroth, Esquire
Florida Bar No. 277940
rbauroth@wickersmith.com
Christopher J. Jahr, Esquire
Florida Bar No. 73066
cjahr@wickersmith.com
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for JACKSON
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302
Phone: (954) 847-4800
Fax: (954) 760-9353