UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAROLE DAVIS,

    Plaintiff,

v.                                                    Case No: 2:14-cv-96-FtM-38DNF

JACKSON NATIONAL LIFE INSURANCE COMPANY and ESTATE OF KYLE DAVIS,

    Defendants/Third Party Plaintiff

ESTATE OF KYLE DAVIS,

    Third Party Defendant.

_____/

### ORDER[1]

This matter comes before the Court on Carol Davis' Motion to Dismiss Defendant's Counter-claim (Doc. #28) filed on June 11, 2014. Defendant Jackson National Life Insurance Company (Jackson) filed a response in opposition (Doc. #31) on June 23, 2014. This matter is ripe for review.

### BACKGROUND

In 2000, Kyle Scott Davis (hereinafter "the Insured") obtained a life insurance policy from Jackson. (Doc. #4, ¶ 6). The policy had a face value of $500,000, payable to

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

the Insured's wife Carole Davis as sole beneficiary. (Doc. #4, ¶¶ 6–7). In July 2012, the Insured and Davis were divorced and entered into a Marriage Settlement Agreement, containing the following provision:

> 8. Life Insurance: Each parent shall be required to maintain life insurance coverage for the benefit of the parties' child(ren), in the amount of $500,000. Said funds will be placed into a Trust for the benefit of the children consistent with this paragraph. When the last minor child turns 25, marries, joins the armed services or dies, all funds shall then be equally distributed to the living children.

(Doc. #28, Ex. A). Davis argues interpleader will allow Jackson to escape its obligations under this provision. (Doc. #28, p. 7).

A year later in 2013, the Insured died, and Davis filed a claim with Jackson for the policy proceeds. (Doc. #4, ¶¶ 9–11). Jackson did not pay out the proceeds to Davis, believing her designation as beneficiary was severed by Florida divorce law, and because it believed the Insured's Estate and remaining four children may also have a claim to the policy. (Doc. #4, ¶¶ 9–11). Davis filed a Complaint against Jackson for damages in state court shortly thereafter. (Doc. #2). Jackson removed the Complaint to Federal court and filed an answer and counterclaim for interpleader, asserting the Court's jurisdiction under 28 U.S.C. § 1332. (Doc. #1, ¶¶ 4–6). Thereafter, Davis filed the instant Motion to Dismiss Jackson's interpleader counterclaim. (Doc. #28).

## STANDARD FOR MOTION TO DISMISS

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Bedasee v Fremont Investment & Loan, 2010 WL 98996, at *1 (M.D. Fla. January 6, 2010)(citing Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007); Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed.2d 413

(2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Insurance Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir.2008)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). The former rule-that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir.2004) has been retired by Twombly. James River Insurance Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1950, 173 L. Ed.2d 868 (2009). Dismissal is warranted under Fed. R. Civ. P. 12(b) (6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Bedasee, 2010 WL 98996, at *1 (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir.1992).

## DISCUSSION

Davis argues the counterclaim should be dismissed both for subject matter jurisdiction and under Fed. R. Civ. P 12(b)(6). First, Davis argues there are no adverse claimants as required under 28 U.S.C. § 1335 for interpleader. Second, Davis argues lack of diversity between the parties because the initial Complaint against Jackson was a direct action under 28 U.S.C. § 1332(c). Thirdly, Davis argues interpleader will allow

Jackson to avoid its obligations under the Marital Settlement Agreement. Finally, Davis argues Jackson has not acted in good faith. For the reasons that follow, Davis' motion is due to be denied.

   1. *Adverse Claimants*

Davis' first argument attacks subject matter jurisdiction of the Court over this action. Davis argues she is the sole claimant to the insurance policy, and all other possible claimants have renounced their claim. Thus, Davis contends interpleader is inappropriate because statutory interpleader requires "[t]wo or more adverse claimants." 28 U.S.C. § 1335 (West 2013). In response, Jackson argues there is still the possibility of multiple claimants for the life insurance proceeds, which is sufficient to warrant interpleader. The Court would note that Jackson has brought the interpleader counterclaim under Fed. R. Civ. P 22(a), which requires multiple claimants exposing the party to double or multiple liability. The Court will still address Davis' arguments, even though they are improperly argued under statutory interpleader.

"One purpose of interpleader is to protect a stakeholder from the possibility of defending multiple claims." Reliastar Life Ins. Co. v. Knighten, 2005 WL 1309411, at * 3 (M.D. Fla. June 1, 2005). While a party must show he has been or may be subjected to adverse claims, Dunbar v. United States, 502 F.2d 506, 511 (5th Cir. 1974), interpleader is available to a party even absent a "formal demand upon him by some or all of the potential claimants." Id. (citing State Farm Ins. Co. v. Tashire, 386 U.S. 523 (1967).

Jackson has demonstrated there are multiple potential adverse claimants for the life insurance proceeds. While Carole Davis has made a claim individually for the

4

proceeds, Jackson argues Kyle Davis' Estate may also have a valid claim as beneficiary. Further, the Marriage Settlement Agreement between Carole Davis and the Insured may give rise to claims by the children. Davis' assertions that the other possible "claimants" have renounced their claims reinforces Jackson's argument that multiple claimants do exist. Jackson has alleged no interest in the outcome of the dispute between Davis and the Estate, and has no obligation to any of the possible claimants besides payment of the insurance proceeds. The Court finds interpleader is proper on these grounds.

### 2. *Lack of Diversity*

Davis next argues the original complaint against Jackson is a direct action under § 1332(c), and therefore the counterclaim should be dismissed for lack of diversity. Rule interpleader requires complete diversity of the claimants and the disinterested stakeholder. Metro. Life Ins. Co. v. Jackson, 2013 WL 3974674, at *3 (M.D. Fla. Aug. 1, 2013)(citing Conn. Gen. Life Ins. Co. v. Riner, 351 F.Supp.2d 492, 496 (W.D.Va.2005). In this case, Jackson's counterclaim requests interpleader under Fed. R. Civ. P. 22, and alleges in its Notice of Removal that Davis and the other possible claimants are citizens of Florida, while Jackson is a corporation formed and with its principal place of business in Michigan. (Doc. #1, ¶¶ 6–7). Davis argues the complaint against Jackson is a direct action against an insurer under § 1332(c)(1):

> **(1)** a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance*, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--
> **(A***) every State and foreign state of which the insured is a citizen*;

>    **(B)** every State and foreign state by which the insurer has been incorporated; and
>    **(C)** the State or foreign state where the insurer has its principal place of business;

28 U.S.C. § 1332(c)(1)(West 2014)(emphasis added). Because the Insured in this case was a citizen of Florida, Davis argues Jackson should also be considered a citizen of Florida for diversity purposes.

Although not statutorily defined, courts have "'uniformly defined' the term 'direct action' to refer to those 'cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." Kong v. Allied Prof'l Ins. Co., 750 F.3d 1295, 1299, 1300 (11th Cir. 2014) (quoting Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985) *(emphasis omitted))*. A direct action does not exist unless the plaintiff's causes of action against the insurer "is of such a nature that the liability sought to be imposed could be imposed against the insured[.]" Fortson, 751 F.2d at 1159. The "key feature of a direct action under § 1332(c) is, and always has been, the plaintiff's ability 'to skip suing the tort feasor and sue directly his insurance carrier.'" Kong, 750 F.3d at 1300 (quotation omitted). Davis' cause of action against Jackson, however, does not involve tort claims or tortfeasors. She strictly brings a breach of contract claim for Jackson's alleged failure to make Life insurance payments under the subject insurance policy. (Doc. #2). Since Davis would have no claim against her ex-husband, there is no direct action against Jackson. See Kenyon v. Fidelity & Guar. Life Ins. Co., No. 6:12-cv-951-Orl-36GJK, 2012 WL 4478983, at *2 (M.D. Fla. Sept. 11, 2012) *report and recommendation adopted by*, 2012WL 4478985 (M.D. Fla. Sept. 28, 2012)("In this case, Plaintiff alleges that Defendant

breached the parties' contract by failing to pay life insurance benefits. Thus, Plaintiff's action is not 'of such a nature that the liability sought to be imposed could be imposed against the insured.'"). Applying these principles to the case at bar, the Court finds that § 1332(c)(1) does not preclude diversity jurisdiction.

   3. *Settlement Agreement*

Davis also argues the Marriage Settlement Agreement controls the disposition of the insurance proceeds, and interpleader would allow Jackson to avoid its obligations under the contract. In response, Jackson argues the merits of Davis' claim are irrelevant to the Court's decision to grant interpleader, and in any event are inappropriate for a motion to dismiss.

Davis relies on Harris v. Great Southern Life Ins. Co., 558 F. Supp. 689 (M.D. Fla. 1983), in support of her arguments. In that case, an insurer was being sued by both the estate of the deceased and the named beneficiary for life insurance proceeds. Both cases proceeded in State court, and the named beneficiary was granted a motion for partial summary judgment against the insurer. Id. at 691. The insurer appealed the decision, and in the meantime had removed the estate's case to federal court, which ruled in the same way as the State court on several important factual issues. Id. The insurer then attempted to proceed to interpleader, which was opposed by the estate. Id. at 692. The Court decided the previous State court rulings on the case were binding and interpleader could not be used by the insurance company "to avoid the judgment obtained against it in state court by [the named beneficiary]." Id. at 693.

In this case, Davis analogizes the Harris case and argues that allowing interpleader will let Jackson avoid its obligations under the Marital Settlement

Agreement. This comparison is unpersuasive. There is no judgment or court determination as to any of the rights or obligations of the parties in this case. Whether Jackson has obligations under the Marital Settlement Agreement is a question to be decided after interpleader is granted. Unlike in the Harris case, where such factual and legal determinations had already been made, this action does not have prior state court rulings on the merits of Davis' contract claim.

"Interpleader jurisdiction is not dependent upon the merits of the respective claims." Reliastar, 2005 WL 1309411, at *3 n.6 (quoting Stuyvesant Ins. Co. v. Dean Const. Co., 254 F. Supp. 102, 108 (D.C.N.Y.1966)). Whether or not the Settlement Agreement will decide the disposition of the funds does not affect Jackson's "right to file this action in interpleader to avoid the vexation and expense of resisting the adverse claims." Reliastar, 2005 WL 1309411, at *3 (citing Hunter v. Federal Life Ins. Co., 111 F.2d 551, 556 (8th Cir.1940)). At the second stage of interpleader proceedings, when a court determines the rights of the claimants, Davis' arguments may be relevant; however, on a motion to dismiss this argument is misplaced.

    *4. Bad Faith*

Davis finally argues the counterclaim should be dismissed because Jackson has acted in bad faith by removing this case and moving for interpleader. Davis further argues the Court should award her attorney's fees for having to bring the instant motion to dismiss. Jackson argues this argument is improper under a motion to dismiss, as it relies on assertions of facts and evidence outside the pleadings. Davis' arguments are unpersuasive. The cases Davis cites speak to whether attorney's fees are warranted in an interpleader action, not whether an insurance company acts in bad faith by

requesting interpleader.[2] Interpleader is available "to protect a stakeholder from the possibility of defending multiple claims." Reliastar, 2005 WL 1309411, at *3. Jackson has not acted in bad faith by simply requesting interpleader where it has the right to do so. Therefore, Davis' motion to dismiss and award attorney's fees is due to be denied on this issue.

Accordingly, it is now

**ORDERED:**

Carol Davis' Motion to Dismiss (Doc. #28) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of September, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] Davis cites Campbell v. N. Am. Co. for Life & Health Ins., 3:04CV1118 JTEM, 2007 WL 2209249 (M.D. Fla. July 30, 2007); Zuckerman v. Alter, 758 So.2d 1172 (Fla. Dist. Ct. App. 2000); Drummond Title Co. v. Weinroth, 77 So.2d 606 (Fla. 1955); Rafter v. Miami Gables Realty, Inc., 428 So.2d 351 (Fla. Dist. Ct. App. 1983).