UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAROLE DAVIS,

        Plaintiff,

v.                               Case No:   2:14-cv-96-FtM-38DNF

JACKSON     NATIONAL     LIFE
INSURANCE     COMPANY     and
ESTATE OF KYLE DAVIS,

        Defendants/Third
        Party Plaintiff

ESTATE OF KYLE DAVIS,

        Third Party Defendant.      /

### ORDER[1]

This matter comes before the Court on Defendant Jackson National Life Insurance Company's Motion for Order of Dismissal (Doc. #41) filed on October 10, 2014.  Plaintiff filed a response on October 29, 2014. (Doc. #42).  Thus, this matter is ripe for review.

### FACTUAL BACKGROUND

In 2000, Kyle Scott Davis (hereinafter "the Insured") obtained a life insurance policy from Defendant, Jackson National Life Insurance Company.  (Doc. #19, ¶ 2). The policy had a face value of $500,000, payable to the Insured's wife, Carole Davis

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

("Plaintiff"), as sole beneficiary. ([Doc. #19](#), ¶ 3).  However, in July 2012, the Insured and Plaintiff divorced and executed a Marriage Settlement Agreement, which contained the following provision:

> 8. Life Insurance: Each parent shall be required to maintain life insurance coverage for the benefit of the parties' child(ren), in the amount of $500,000. Said funds will be placed into a Trust for the benefit of the children consistent with this paragraph. When the last minor child turns 25, marries, joins the armed services or dies, all funds shall then be equally distributed to the living children.

([Doc. #28](#), Ex. A). Plaintiff argued this provision still entitled her to receive the insurance proceeds in the event of the Insured's death. ([Doc. #22](#), p. 4–5).  When the Insured died a year later in 2013, Plaintiff filed a claim directing Defendant to distribute the policy proceeds.  ([Doc. #19](#), ¶ 8).  Defendant denied her request, operating under the assumption Plaintiff's designation as beneficiary was severed by Florida divorce law. ([Doc. #19](#), ¶ 10).  Furthermore, Defendant believed the Insured's Estate and remaining four children may have had a rival claim to the policy.  ([Doc. #19](#), ¶¶ 6, 10, 12).

## PROCEDURAL BACKGROUND

Plaintiff filed a Complaint against Defendant for damages in the Twentieth Judicial Circuit in and for Lee County, Florida in a timely manner.  ([Doc. #2](#)).  Defendant removed the Complaint to the U.S. District Court in and for the Middle District of Florida, Fort Myers and filed an answer and counterclaim for interpleader, asserting the Court's jurisdiction under [28 U.S.C. § 1332](#).  ([Doc. #1](#), ¶¶ 4–6).  Thereafter, Defendant filed a Motion for Order of Interpleader on May 5, 2014 under [Fed. R. of Civ. P. 22](#), to deposit funds, and award attorney's fees.  ([Doc. #19](#)).  Plaintiff filed a Response in Opposition on June 5, 2014.  ([Doc. #22](#)).  The Court granted Defendant's Motion for Interpleader which terminated Plaintiff's original claim for damages while denying Defendant's

request for attorney fees on September 26, 2014.  (Doc. #38).  On October 10, 2014, Defendant filed a Motion for Order of Dismissal to dismiss with prejudice Plaintiff's claim of damages and attorney's fees against Defendant that appear to remain standing from the original Complaint (Doc. #2).

## DISCUSSION

Defendant motioned the Court for an Order of Dismissal (Doc. #41) to dismiss with prejudice Plaintiff's claim of damages and attorney fees because the Court's order granting interpleader (Doc. #38) stated Defendant was dismissed from further liability regarding the insurance policy. (Doc. #41).  Plaintiff responds Defendant is still liable for all actions that arise out of Plaintiff's state breach of contract claim and the Court's grant of interpleader (Doc. #38) does not shield Defendant from liability.  (Doc. #42).  The Court will address these arguments below.

The principle of interpleader holds that the interpleader plaintiff is not "obliged to be at the expense and risk of defending an action; but on giving up the thing..., he is to be relieved, and the Court directs that the persons between whom the dispute really exists shall fight it out at their own expense."   Metro. Life Ins. Co. v. Barretto, 178 F. Supp. 2d 745, 748 (S.D. Tex. 2001).  According to Florida Middle District case law, a successful interpleader plaintiff is "discharged of full responsibility regarding the interpleaded funds when the funds have been paid into the registry and the parties have had notice and opportunity to be heard." Cent. Bank of Tampa v. United States, 838 F. Supp. 564, 567 (M.D. Fla. 1993) (internal citations omitted).   After successful interpleader, while it is "not generally necessary, courts may enter an order relieving the interpleader plaintiff of further responsibility and enjoin the interpleaded defendant from

bringing further action against that plaintiff with regard to the disputed funds." Cent. Bank of Tampa, 838 F. Supp. at 567 (citing Holcomb v. Aetna Life Ins. Co., 228 F.2d 75 (10th Cir. 1955)).

In the Order granting Defendant's Motion for Interpleader, the Court stated Defendant "is **DISMISSED** from this Interpleader action, and thus discharged from all further liability with respect to subject policy." (Doc. #38 at 8).  As the Court stated in Central Bank of Tampa, "[t]he law normally regards the plaintiff in an interpleader action as having been discharged of full responsibility regarding the interpleaded funds when the funds have been paid into the registry of the court and the parties have had notice and opportunity to be heard." Cent. Bank of Tampa, 838 F. Supp. at 567.  On October 10, 2014, the insurance proceeds at issue were received by the Clerk of Courts and satisfactorily deposited with the Court.  (Doc. #40).  Plaintiff had notice of the Motion for Interpleader (Doc. #19) and filed a response in opposition.  (Doc. #22).  The Court addressed Plaintiff's arguments against interpleader in the Order granting Defendant's Motion for Interpleader and found them without merit.  (Doc. #38).

Plaintiff's response (Doc. #42) does not raise any new arguments to prevent Defendant from being relieved of all liability regarding this action, other than citing to a Maine District Court case, La Marche v. Metropolitan Life Insurance Co., for the proposition interpleader does not prevent the stakeholder from having to be a party in any action or from having to defend additional claims.  La Marche v. Metropolitan Life Insurance Co., 236 F.Supp.2d 50, 55 (D. Me. 2002).  The La Marche case does not control here, because that case dealt with a complaint asserting various independent claims against the defendant along with the interpleaded claim.  See La Marche, 236

F.Supp.2d at 55.   Here, Plaintiff's Complaint only claims Defendant failed to pay the insurance proceeds.  (Doc. #2, ¶ 6).  In the order granting interpleader, the Court found there was no fraud or bad faith on behalf of Defendant in withholding the insurance proceeds at issue; but that Defendant acted in good faith in motioning for interpleader. (Doc. #38 at 8).   This addresses the only claim Plaintiff brought in her Complaint; therefore, Defendant should be relieved of all liability regarding damages and attorney fees related to the insurance policy.   See Kurland v. United States, 919 F. Supp. 419, 412 (M.D. Fla. 1996) (stating "courts may enter an order relieving the interpleader plaintiff of further responsibility and enjoin the interpleaded defendants from bringing further action against that plaintiff with regard to the disputed funds" and "a disinterested stakeholder filing an action in interpleader may be dismissed from the case [and] discharged from further liability" as a generally accepted principle.)

## CONCLUSION

Therefore, Defendant's Motion for Order of Dismissal enjoining Plaintiff from bringing or maintaining a claim for damages against Defendant in connection with this matter is granted.  Plaintiff has had notice and opportunity to be heard concerning the interpleader action.  Defendant has properly deposited the disputed insurance funds with the Court.  Thus, this Court has no reason to deny the dismissal of Defendant from this action.

Accordingly, it is now

**ORDERED:**

Defendant Jackson National Life Insurance Company Motion for Order of Dismissal (Doc. #41) is **GRANTED.**  The Defendant Jackson National Life Insurance

Company is **DISMISSED**. The Plaintiff Carol Davis is hereby enjoined from claiming damages against the Defendant in connection with this matter.

   **DONE** and **ORDERED** in Fort Myers, Florida this 5th day of November, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies: All Parties of Record